**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hartford Casualty Insurance Co., a foreign corporation, individually and as subrogee for its insured Arizona Oncology Service, Inc.,<br><br>        Plaintiff,<br><br>vs.<br><br>Johnson Controls Inc.,<br>Metro Mechanical Inc.,<br>Dimplex Thermal Solutions/Koolant Koolers,<br>Jokae Construction Co.,<br><br>        Defendants. | No. CV 11-0054-PHX-JAT<br><br>**ORDER** |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the complaint fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332.

Specifically, Plaintiff states that both Arizona Oncology Services and Defendant Jokae Construction Company are citizens of the state of Arizona. Therefore, there is not diversity unless the citizenship of a subrogee is disregarded for purposes of determining diversity.

Next, Plaintiff states that three parties are corporations, but fails to allege the principal place of business for any of the corporations. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181,

1192; - - - U.S. - - - (2010). Finally, Plaintiff alleges that one party is a "business entity" but does not allege what kind of entity. This distinction is significant because not all entities determine citizenship in the same manner. *Compare id.* (discussing a corporation) *with Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of a limited liability company).

However, Plaintiff was not the party that invoked the jurisdiction of this Court; Defendant Johnson Controls, Inc. did when it filed the notice of removal. As a result,

**IT IS ORDERED** that by April 4, 2011, Defendant Johnson Controls, Inc. (as the party asserting jurisdiction and therefore, with the burden of pleading jurisdiction, *see Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)) shall file an amended notice of removal properly alleging federal subject matter jurisdiction, or this case will be remanded for lack of federal subject matter jurisdiction.

DATED this 18th day of March, 2011.

/s/ James A. Teilborg
James A. Teilborg
United States District Judge